UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALLULAH KELLY, on behalf of herself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

CHOWCHOW CLOUD INTERNATIONAL HOLDINGS LIMITED, YEE KAR WING, HUI WAI MING, WONG CHUNG WAI, US TIGER SECURITIES, INC., ASSENTSURE PAC, and JOHN DOES 1-100,

Defendants.

26-CV-02063 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

This is a putative securities class action alleging violations of the Securities and Exchange Act and related regulations. Before the Court are the May 12, 2026, motions, along with supporting papers, by Tallulah Kelly and Sisi Ye to be appointed lead plaintiff and to approve their respective selections of lead counsel. *See* Dkts. 20, 22, and 25 (Kelly); Dkts. 37, 38, 39, and 41 (Ye). On May 13, 2026, the Court ordered that all applicants for lead plaintiff were permitted to submit rebuttal evidence as to the financial interest in the relief sought by the class and the adequacy and typicality of any of the other applicants, as well as any opposition to other applicants' selection of lead counsel. *See* Dkt. 42. Ms. Kelly filed an opposition to Ms. Ye's motion, *see* Dkt. 49; Ms. Ye filed a non-opposition to Ms. Kelly's motion, *see* Dkt. 50.

Although other parties similarly filed motions for appointment as lead plaintiff in this action, *see* Dkt. 21 (Mot. to Appoint Pierre Verpeaux as Lead Plaintiff); Dkt. 27 (Mot. to Appoint Igor Valandro as Lead Plaintiff); and Dkt. 31 (Mot. to Appoint Raghavendra M. Ganesh

as Lead Plaintiff), those motions have been withdrawn, *see* Dkt. 43 (withdrawing Verpeaux motion); Dkt. 48 (withdrawing Valandro motion); Dkt. 44 (withdrawing Ganesh motion). For the following reasons, the Court DENIES Ms. Ye's motion and GRANTS Ms. Kelly's motion, appoints her lead plaintiff, and approves her selection of Wolf Haldenstein Adler Freeman & Herz LLP as lead counsel for the putative class.

**DISCUSSION**

15 U.S.C. § 78u-4(a)(3)(B)(i) requires this Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." In making this determination, the Court must presume "that the most adequate plaintiff . . . is the person" who (1) "has either filed the complaint or made a motion in response to a notice" publicly advertising the filing of the action; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). As to this last factor, a would-be lead plaintiff must make "only a *prima facie* showing that the requirements of Rule 23 are met," and the Court need only consider Rule 23's typicality and adequacy-of-representation requirements. *Elstein v. Net1 UEPS Techs., Inc.*, No. 13-CV-9100, 2014 WL 3687277, at *7 (S.D.N.Y. July 23, 2014); *see also, e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA. . . . Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required." (citations and internal alterations omitted)).

Rule 23's typicality requirement is in turn satisfied "where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Elstein*, 2014 WL 3687277, at *7 (internal quotation marks

omitted). And Rule 23's adequacy requirement "is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (citing *Kaplan*, 240 F.R.D. at 94).

Applying Section 78u-4(a)(3)(B)(iii)(I)'s three factors, the Court finds that Ms. Kelly is presumed to be the most adequate plaintiff. First, Ms. Kelly moved to be appointed lead plaintiff in response to the notice publicizing this action, *see* Dkt. 25 (Decl. of Matthew M. Guiney in Supp. of Mot. to Appoint Kelly as Lead Plaintiff), Ex. D, and did so within ninety days of the notice being published, *see* Dkt. 20 (Kelly's Mot. for Appointment); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i) (requiring lead-plaintiff motions to be filed within ninety days of publication). Second, it is undisputed that of the five parties who have sought appointment as lead plaintiff, Ms. Kelly has the largest financial stake by any measure in the putative class's recovery.[1] Given that all other movants apart from Ms. Ye have withdrawn their motions for appointment as lead plaintiff, and that Ms. Kelly's loss is more than twice as large as Ms. Ye's, this factor counsels in favor of appointing Ms. Kelly as lead plaintiff of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), (bb) ("the most adequate plaintiff . . . is the person" who, *inter alia*, "in the determination of the court, has the largest financial interest in the relief sought by the class.").

Third, Ms. Kelly satisfies Rule 23's typicality and adequacy requirements. As a ChowChow Cloud International Holdings Limited ("CHOW") stockholder who purchased shares

---

[1] *Compare* Dkt. 25, Ex. B (Kelly Loss Chart showing $568,443.76 in losses) *with* Dkt. 24, Ex. B (Verpeaux Loss Chart showing $184,297.84 in losses); Dkt. 29, Ex. C (Valandro Loss Chart showing $151,297.17 in losses); Dkt. 36, Ex. C (Ganesh Loss Chart showing $243,286.72 in losses); and Dkt. 39, Ex. A (Ye Loss Chart showing $255,001 in losses). *See also* Dkt. 49 (Kelly Mem. of Law in Opp. to Competing Mots. for Lead Plaintiff) at 8–9 (demonstrating that Ms. Kelly has the largest financial interest under all four of the *Lax/Olsten* factors) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97-CV-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998)).

on December 9, 2025 and December 10, 2025—during the proposed class period of September 16, 2025 to December 10, 2025—Ms. Kelly alleges that she suffered a loss because she purchased CHOW common stock at prices artificially inflated by Defendants' materially false and misleading statements or omissions. *See* Dkt. 22 at 8; *see also* Dkt. 49 at 10. Because Ms. Kelly's harm is similar to that alleged in the Complaint, *see, e.g.*, Compl., Dkt. 1, ¶¶ 68–73, the Court finds that Ms. Kelly advances claims typical of the putative class. Ms. Kelly has also shown that she will adequately protect the putative class's interests: Ms. Kelly's selected counsel is qualified, experienced, and able to conduct this litigation; the Court perceives no conflict between Ms. Kelly and the other members of the putative class; and Ms. Kelly's substantial stake in any recovery by the putative class ensures she will vigorously advocate on the class's behalf. *Elstein*, 2014 WL 3687277, at *7 (citing *Kaplan*, 240 F.R.D. at 94). Ms. Kelly is, therefore, presumed to be the most adequate plaintiff to lead the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Because no member of the putative class has offered any evidence to rebut that presumption, the Court must appoint Ms. Kelly as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(iii)(II) (providing that lead-plaintiff presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class.").

The Court next approves Ms. Kelly's selection of Wolf Haldenstein Adler Freeman & Herz LLP as lead counsel. "[T]he PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval." *Kaplan*, 240 F.R.D. at 96 (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)). Having reviewed the firm's résumé, *see* Dkt. 25, Ex. E, and the firm's past experience as lead counsel in PSLRA actions in this District, *see, e.g.*, *Malasky v. IAC/Interactivecorp*, No. 04-CV-7447, 2004 WL 2980085, at *5 (S.D.N.Y. Dec. 21, 2004);

*McIntosh v. Katapult Holdings, Inc.*, No. 21-CV-7251, 2022 WL 1689761, at *2 (S.D.N.Y. May 26, 2022), the Court finds the appointment of Wolf Haldenstein as class counsel to be appropriate.

**CONCLUSION**

For the foregoing reasons, Ms. Kelly's motion to be appointed lead plaintiff and to approve her selection of lead counsel [Dkt. 20] is GRANTED, and Ms. Ye's motion [Dkt. 37] is DENIED. Ms. Tallulah Kelly is appointed lead plaintiff of this putative class action, *see* 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii), and her selection of Wolf Haldenstein Adler Freeman & Herz LLP to serve as lead counsel is approved, *see id.* § 78u-4(a)(3)(B)(v).

Per the Parties' Court-ordered stipulation, *see* Dkt. 15, the Parties are hereby ordered to confer regarding the schedule for filing an Amended Complaint, if any, and a briefing schedule on Defendants' anticipated Motion to Dismiss. The Parties are ordered to submit to the Court for its approval such schedule two weeks from the date of entry of this Order. All discovery is stayed pending resolution of any Motion to Dismiss.

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 20, 21, 27, 31, and 37. The Clerk of Court is also respectfully directed to update the caption of this case to be consistent with the caption utilized in this Order.

**SO ORDERED.**

**Date: July 24, 2026**
**New York, New York**

Valerie Caproni

**VALERIE CAPRONI**
**United States District Judge**